UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY MCMURRY, JR., | CASE NO. 2:25-cv-00817-JNW |
| Plaintiff, | ORDER |
| v. | |
| THRIVE COMMUNITIES, LLC, | |
| Defendant. | |

Pro se Plaintiff Johnny McMurry, Jr. sues Defendant Thrive Communities, LLC ("Thrive"), alleging employment discrimination, wrongful termination, defamation, and unlawful retaliation in violation of multiple federal laws. Dkt. No. 4. This matter now comes before the Court on McMurry's Motion to Appoint Counsel. Dkt. No. 5. For the reasons explained below, the motion is GRANTED.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose his physical liberty if he loses the litigation," which is not the case here. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even so, the Court may appoint counsel for litigants who are proceeding in forma pauperis (IFP). *United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th

ORDER - 1

Cir. 1995) ("Section 1915(d) empowers the district court to appoint counsel in civil actions brought in forma pauperis. Appointment of counsel under this section is discretionary, not mandatory."). The decision whether to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To decide whether such "exceptional circumstances" exist, the Court must evaluate "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together; neither is dispositive. *Id.* Whether a pro se plaintiff would fare better with help from counsel is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Upon review, the Court finds that McMurry has made plausible factual assertions that Thrive terminated his employment while he was on medical leave and subjected him to workplace hostility and discrimination after he filed an EEOC complaint. These allegations suggest a viable prima facie discrimination claim and thus, at the very least, a modest likelihood of success on the merits.

Meanwhile, the quality of McMurry's filings would greatly benefit from appointment of counsel. He has filed two distinct actions in this Court, apparently addressing exactly the same fact pattern. *Compare McMurry v. Thrive Communities LLC*, Case No. 2:25-cv-00817-JNW *with McMurry v. 23rd and Union LLC et al*,

ORDER - 2

2:25-cv-00877-JNW. Such inefficiencies stemming from his status as a pro se litigant would presumably be mitigated by appointment of counsel. The resulting conservation of time and resources would likely benefit not only the Court but also, after service of process is effectuated, Defendants as well.

Accordingly, the Court GRANTS McMurry's motion for appointment of counsel and DIRECTS the District Coordinator of the Pro Bono Panel to try to identify an attorney(s) or law firm from the Pro Bono Panel to represent McMurry for all further proceedings. The Court RESERVES decision on McMurry's other pending motions, such as his motion to consolidate, Dkt. No. 10, and his motion for service by the U.S. Marshals, Dkt. No. 9, while the Pro Bono Panel works to appoint counsel.

Finally, the Court notes that it lacks authority to *compel* counsel to represent McMurry. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel to serve. *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (holding that Section 1915 permits a court to "request" counsel, not to compel representation). Nor may the Court appoint publicly funded counsel, such as the Federal Public Defender. "The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Thus, the Court's power is limited to requesting representation

via the pro bono panel. Appointment will depend on the panel's capacity to locate counsel willing to voluntarily represent McMurry pro bono.

It is so ORDERED.

Dated this 2nd day of June, 2025.

Jamal N. Whitehead
United States District Judge